**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:    BRADLEY KEOHLER    :    CHAPTER 13
: 
: 
DEBTOR    :    BANKRUPTCY No. 24-11592AMC

ORDER DISMISSING CHAPTER 13 CASE AND SETTING DEADLINE FOR
APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

AND NOW, consideration of the Motion to Dismiss Case filed by Scott F. Waterman, Standing Trustee ("the Trustee"), and after notice and hearing, it is hereby ORDERED that:

1. This chapter 13 bankruptcy case is DISMISSED.

2. Counsel for the Debtor shall file a master mailing list with the Clerk of the Bankruptcy Court if such has not been previously filed.

3. Any wage orders previously entered are VACATED.

4. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

5. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within twenty (20) days of the entry of this Order.

6. **Promptly after the expiration of the time period set forth in Paragraph 5 above, Counsel for the Debtor shall file either**: (a) a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed or (b) a Certification that an objection or an application has been filed (after which the Clerk shall schedule a hearing on all such applications).

7. If no Certification, as required above in Paragraph 6 has been entered on the docket within sixty three (63) days of the entry of this Order, then the Standing Trustee shall: (a) if any applications for administrative expenses other than Debtor(s)' Counsel's have been filed, request a hearing thereon or, (b) if no such applications have been filed, return the undistributed chapter 13 plan payments in his possession to Debtor(s) pursuant to 11 U.S.C. §1326 (a)(2).

BY THE COURT:

_____
THE HONORABLE ASHELY M. CHAN

Dated:_____